**UNITED STATES of America,
Appellee,**

v.

**20.53 ACRES OF LAND IN OSBORNE
COUNTY, KANSAS et al.,
Appellants.**

Nos. 75–1119, 75–1608.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 12, 1975.

Decided Jan. 19, 1976.

Jerry W. Hannah, Topeka, Kan. (Lloyd C. Bloomer, Osborne, Kan., and George B. Collins, Wichita, Kan., with him on the brief), for appellants.

Glen R. Goodsell, Atty., Dept. of Justice (Walter Kiechel, Jr., Acting Asst. Atty. Gen., E. Edward Johnson, U. S. Atty., Roger K. Weatherby, Asst. U. S. Atty., Raymond N. Zagone and Dirk D. Snel, Attys., Dept. of Justice, with him on the brief), for appellee.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM:

This case was before this court on a prior appeal reported at 478 F.2d 484. On remand the trial court made several findings which are determinative of one of the issues presented on this appeal.

One such finding (No. 10) was that the sewage treatment plant was capable of being operated, and together with the added chlorination plant, was functioning satisfactorily to meet the existing health standards. This finding, together with related ones, establishes that the basic treatment plant was not taken or destroyed in the condemnation. Thus no substitute facility was required, and this issue is put at rest. On the actual taking the trial court found that the value of the interests in land condemned near the plant had a value of $2,155.00, and included this amount in the judgment. This portion of the judgment is affirmed.

The trial court considered another factor in relation to the chlorination facility which had been added by the United States to the sewage treatment plant. It included in the judgment the amount of $28,997.00 to represent possible costs of operation of the chlorination facility should the city have to operate it in the future. This was error; and the judgment is reversed to the extent of this award.

The city did not have a chlorination plant to process the discharge from its sewage treatment plant before the taking. After the taking the State of Kansas health regulations were changed or were applied to require chlorination treatment of the discharge under the conditions here present. The change was apparently brought about because the waters into which the effluent was discharged were to be used for recreational purposes as a consequence of the federal development. After the taking the United States built a chlorination plant itself at a cost of $59,068.00, and continues to operate it at its expense. The imposition of the higher water standards to require chlorination was clearly the act of the State of Kansas and not of the United States.

In an amendment to the declaration of taking allowed by the trial court, the United States agreed to operate the chlorination plant so long as it operated the Glen Elder Project, and it agreed to convey the plant to the city upon its request. The possibility that the United States would cease to operate the plant at some future time apparently caused the trial court to make an award of operational costs to the city.

There was no requirement in the taking to impose upon the United States a duty to furnish or operate the chlorination plant as a substitute facility despite the changes brought about by the Glen Elder Project. In a similar case, *City of Eufaula v. United States*, 313 F.2d 745 (5th Cir.), the Fifth Circuit held that the requirement for additional sewage treatment facilities which came about by state regulations when the waters adjoining became recreational by the project was not an act of the United States and gave rise to no claim for compensation by the City of Eufaula. The same consequences should follow here. There was no interest taken and no sub-

stitute facilities required or provided. *See also United States v. 531.13 Acres of Land, Etc.,* 366 F.2d 915 (4th Cir.). The case of *Town of Clarksville v. United States,* 198 F.2d 238 (4th Cir.), is not applicable because the entire plant was there taken and other considerations were present. Thus the judgment to the extent that it provided compensation to the city should it have to operate the plant itself was error.

The judgment is affirmed to the extent it awarded the city the sum of $2,155.00 for interest in property taken, but is reversed as to the award of $28,-997.00 for possible plant operation costs.

Reversed and remanded for further proceedings in accordance with this opinion.